**HUI CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Paul D. Clement,[1] Acting U.S. Attorney General, Respondents.**

**No. 07–1231–ag.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Dehai Zhang, Flushing, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, John S. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Hui Chen, a citizen of the People's Republic of China, seeks review of a February 28, 2007 order of the BIA affirming the July 8, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Hui Chen*, No. A77 650 475 (B.I.A. Feb. 28, 2007), *aff'g* No. A77 650 475 (Immig. Ct. New York City, Jul. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

The IJ's adverse credibility finding was supported by substantial evidence. The IJ found that Chen's statement at the airport, in which he stated that he did not go home after releasing several pregnant women, was inconsistent with his testimony, in which he stated that he went home and

was beaten. Asked on cross-examination to explain why he had not mentioned going home or being beaten in his airport interview, Chen insisted that he had mentioned that information. He also stated on cross-examination that he did not speak to anyone at his office after releasing the women and did not at that time have any reason to think he should not go home. This was in contrast to his airport statement in which he said that after arriving at the office he discovered there would be "big trouble."

It was appropriate for the IJ in rendering his adverse credibility finding to consider the record of the airport interview as sufficiently reliable under the standards of *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (discussing criteria this Court will consider when weighing the probative value of an airport interview transcript). The discrepancies identified by the IJ were dramatic, and undermined the heart of Chen's claim that he was beaten at his home. A reasonable factfinder would not be compelled to accept Chen's explanation, which amounts to a bare claim that the airport interview transcript is incorrect. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also drew reasonable adverse inference from the differing explanations for releasing the pregnant women Chen gave in his I–589 Form and in his testimony. The statement attached to Chen's I–589 form and a letter purportedly from his wife that he acted in conscious opposition to the family planning policies were at odds with his testimony in which he expressed reluctance about breaking the law of his country but felt that he "couldn't control [him]self" because he was con-

cerned for his cousin, who was among the pregnant women he released.

To the extent the IJ's implausibility finding might be considered erroneous, remand would be futile because we are confident that the result here would be the same.

Finally although some of the IJ's other findings were ancillary to Chen's claim, taken cumulatively with the aforementioned grounds they provided further support for the adverse credibility finding. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006)("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.").

Because Chen has failed to argue his withholding of removal and CAT claims in a sufficient manner before this Court, we deem those claims waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.